BALDWIN, J.,
delivered the opinion of the Court.
Lewis, the grantor in the bill of sale to the appellee of the 27th of November 1835, in the proceedings mentioned, having, notwithstanding his alleged absolute sale of the slave Hezekiah thereby conveyed, con *77 tinued in the possession of the said slave, such continued possession raises the legal presumption that the sale was fraudulent as regards the creditors of Lewis; which presumption throws imperatively upon the appellee the whole burthen of proving the fairness and good faith of the transaction; and that cannot be done without sufficient evidence that the pretended sale was for a fair and valuable consideration; and in the absence of such evidence, the prima facie presumption becomes absolutely and irresistibly conclusive.
No such evidence has been furnished by the appellee; on the contrary, the bill of sale itself contains no acknowledgment of a consideration actually paid by *the grantee to the grantor, or of an equivalent existing indebtedness from the latter to the former, but serves to shew upon its face mere gratuities and voluntary advancements, entirely compatible -with the relation of father in law and son in law existing between the parties.
The registration of the bill of sale is an immaterial circumstance, as in this case it throws no light upon the question whether the alleged sale was fair and honest, or a fraudulent contrivance to defeat the creditors of the grantor. And the authority given to the grantee by the bill of sale to take possession of the property at pleasure amounts to nothing, it being no more than that which results from the absolute conveyance itself.
Nor is it material, the property being that of Lewis, the principal debtor, that the execution was levied thereupon at the instance of the appellant Curd the surety, instead of Guerrant the creditor; for the question still recurs, whether the sale was fair or fraudulent as regards the creditors of the grantor; and it cannot be doubted that the surety has a right to avail himself of the fraudulent character of the transaction, and in truth is, within the spirit of the statute, at least in a Court of equity, a creditor himself. There is no pretence on the part of the appellee that, as between him and the appellant, the latter is primarily bound for the debt, or that he stands in any other relation to it than that of a mere surety.
Decree reversed with costs; injunction dissolved, and bill dismissed with costs.